FILED
United States Court of Appeals
Tenth Circuit

March 1, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CHRISTOPHER W. WEBB,

      Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
HUMAN SERVICES; CHOCTAW
NATION TRIBAL COMPLEX; STATE
OF OKLAHOMA PROBATION AND
PAROLE OFFICE; DISTRICT
ATTORNEY'S OFFICE OF BRYAN
COUNTY; ROCKY POWERS,

      Defendants-Appellees.

No. 12-7038
(D.C. No. 6:11-CV-00134-JHP)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

_____

Christopher W. Webb, pro se, appeals from the district court's denial of his

post-judgment motions to allow him to amend his complaint. We have jurisdiction

_____

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291, and we remand the case to the district court with instructions to dismiss the complaint without prejudice for lack of subject-matter jurisdiction.

## I.

Mr. Webb sued the Oklahoma Department of Human Services (Human Services), the Choctaw Nation Tribal Complex (Choctaw Nation), the Oklahoma Probation and Parole Office (Probation and Parole), the Bryan County District Attorney's Office (District Attorney's Office), and state court judge Rocky Powers (Judge Powers) under 42 U.S.C. § 1983 for conspiring to unlawfully remove his daughter from his home and prevent him from seeing his wife.

The district court dismissed the complaint with prejudice on the grounds of immunity. Mr. Webb did not file a notice of appeal from that order; instead, he filed motions for leave to amend his complaint to substitute as defendants numerous individuals from Human Services, Probation and Parole, and the District Attorney's Office.[1] The court concluded that an amended complaint could not be filed unless the judgment was vacated or set aside. The court considered the motions under Fed. R. Civ. Proc. 60(b) and denied them. Mr. Webb now appeals.

## II.

According to the complaint, Mr. Webb's daughter was born in May 2007 while he was under the supervision of Probation and Parole. At the end of his supervisory

---

[1] In his post-judgment motions, Mr. Webb did not seek to add any individuals from the Choctaw Nation as defendants, nor did he claim any error as to the dismissal of Judge Powers.

period, he moved to Texas. In 2008, Mr. Webb returned to Oklahoma with his wife and child, and "check[ed] in with the Sheriff(s) Dept. to comply with (registration laws)." R. at 12. Mr. Webb alleged that once the defendants learned that he had returned to Oklahoma, they conspired to obtain an emergency order to remove her from his custody "because [he was a] convicted-sex offender-at-home alone with his child." *Id*. at 13. He also complained that Judge Powers acted outside the law at a subsequent child-endangerment proceeding when he "grant[ed]-the-state-continued custody-of-[his]-child." *Id*. at 14. In addition to money damages to compensate him for the loss of "liberty-especially-with wife & children," *id*. at 37, Mr. Webb requested "injunctive (or) declaratory-relief/sanctions-in order-to-re-establish-Communications-with [his]-wife & children[,] [and] A-Judicial-Review," *id*. at 38.

### III.

We have an independent duty to examine the district court's subject-matter jurisdiction. *See Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986) (holding that a federal appellate court has an obligation to satisfy itself of the district court's jurisdiction, and if the court was without jurisdiction, the appellate court has jurisdiction "for the purpose of correcting the error of the [district] court in entertaining the suit." (internal quotation marks omitted).

We have carefully reviewed Mr. Webb's complaint and his brief and conclude that his claims are barred by the *Rooker-Feldman* doctrine, which "is jurisdictional."

- 3 -

*Worthington v. Anderson*, 386 F.3d 1314, 1318 (10th Cir. 2004).[2]  "The

*Rooker-Feldman* doctrine prevents the lower federal courts from exercising

jurisdiction over cases brought by state-court losers challenging state-court

judgments rendered before the district court proceedings commenced."  *Mann v.*

*Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (internal quotation marks omitted).[3]

The doctrine also bars the court from exercising jurisdiction over claims that are

"'inextricably intertwined' with the state court's judgment."  *Id.* at 1147 (quoting

*Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

It is apparent from the complaint that Mr. Webb seeks, among other things, to

directly attack Judge Power's orders.  He also seeks monetary damages against the

government agencies that obtained the orders and continue to enforce them.  The

damage claims are "inextricably intertwined" with the orders because they "assert

injuries based on the [state-court orders] and, for [him] to prevail, would require the

district court to review and reject those [orders]."  *Mann*, 477 F.3d at 1147.  Last, his

claims for injunctive and declaratory relief are also barred because he seeks to re-

establish his custodial rights, which would also require the district court to overturn

the state-court orders.

---

[2]    *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Cir. v. Feldman*, 460 U.S. 462 (1983).

[3]    "[T]he *Rooker-Feldman* doctrine is confined to cases brought after the state proceedings have ended."  *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (internal quotation marks omitted).  Mr. Webb has never alleged or argued that the orders are not final.

We remand the case to the district court with instructions to dismiss the complaint without prejudice for lack of subject-matter jurisdiction. The Choctaw Nation's motion to dismiss the appeal is denied as moot.

Entered for the Court


Stephen H. Anderson
Circuit Judge